81 F.3d 150
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
TAUBMAN COMPANY, INCORPORATED; Fairfax Associates;
Continental Insurance Corporation, Defendants-Appellants,
v.
COLUMBIA ART STORE EQUIPMENT COMPANY; Record World
Enterprises, Incorporated, d/b/a Social Circle;
Otis James Owens, Defendants.
LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
TAUBMAN COMPANY, INCORPORATED; Fairfax Associates;
Continental Insurance Corporation, Defendants-Appellees,
v.
COLUMBIA ART STORE EQUIPMENT COMPANY; Record World
Enterprises, Incorporated, d/b/a Social Circle;
Otis James Owens, Defendants.
 Nos. 95-1881, 95-1879.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 8, 1996
Decided: April 5, 1996
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (CA-94-1023-A)
 ARGUED: Steven Walter Bancroft, TRICHILO, BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C., Fairfax, Virginia, for Appellants. ON BRIEF: Dawn E. Boyce, TRICHILO, BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C., Fairfax, Virginia, for Appellants.
 Joseph Doane Roberts, SLENKER, BRANDT, JENNINGS & JOHNSTON, Merrifield, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, Chief Judge, and HALL and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Liberty Mutual Insurance Company ("Liberty Mutual"), filed the instant declaratory judgment action against, among others, Taubman Company, manager of the Fair Oaks Mall, Fairfax Associates, owner of the Fair Oaks Mall, and their insurer, Continental Insurance Corporation ("Continental"), regarding liability arising out of a settlement paid to Otis Owens by Taubman and Fairfax Associates for personal injuries sustained while Otis was performing renovations for Record World Enterprises/Square Circle ("Record World"), a tenant at the Fair Oaks Mall. Owens, an employee of Columbia Art Store Equipment, Inc., was injured during renovations of the Record World store when he came into contact with a High Voltage Air Conditioning unit while he was installing a drop ceiling. Liberty Mutual, which provided insurance to Record World, and Continental each sought a declaratory judgment that the other was liable for the $500,000 settlement with Owens. The district court determined that both the Liberty Mutual and Continental policies provided primary coverage for the accident and, pursuant to the terms of the policies, the liability would be split equally. Both Continental and Liberty Mutual appealed, each arguing that the other is liable for the entire settlement. Finding no reversible error, we now affirm.
 
 
 2
 The district court determined that the accident at issue in this case took place on "leased premises" as that term is defined in the lease because, under the lease agreement between Record World and Fairfax Associates, all area between the permanent ceiling and the floor is a part of the leased premises and because the accident took place while Owens was installing a drop ceiling below the permanent ceiling. Since the terms of Liberty Mutual's policy to Record World covered Taubman and Fairfax Associates as additional insureds for "liability arising out of the ownership, maintenance or use of that part of the premises leased to" Record World, J.A. at 219, the district court determined that the Liberty Mutual policy provides primary coverage for the liability arising out of the Owens' accident. See J.A. at 286.
 
 
 3
 Moreover, although the terms of lease required that Record World obtain an insurance policy that was to be primary over other policies for accidents occurring within the leased premises, nothing in either the Liberty Mutual or Continental policy specifies that the Continental policy was to be only an excess policy for accidents occurring within the leased premises. Thus, the district court determined that the Continental policy, by its terms, also provided primary coverage for the Owens' accident. See J.A. at 313-14.
 
 
 4
 Since both insurance policies contained a clause that where other primary insurance exists there would be contribution by equal shares, the district court determined that the liability should be divided equally between Liberty Mutual and Continental. See J.A. at 315.
 
 
 5
 We have carefully considered the arguments raised in the briefs and at oral argument and find no reversible error. Accordingly, we affirm the judgment of the district court on the reasoning of that court.
 
 AFFIRMED